**CV10-5482**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------

RHONDA WILLIAMS on behalf of herself and all
others similarly situated



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.

★ NOV 29 2010

BROOKLYN OFFICE

                Plaintiff,

    -against-

McCARTHY, BURGESS & WOLFF, INC.

                Defendant.

--------------------------------------------------------

CARTER, M.J.

## CLASS ACTION COMPLAINT

### *Introduction*

1.  Plaintiff Rhonda Williams seeks redress for the illegal practices of McCarthy,

    Burgess & Wolff, Inc. concerning the collection of debts, in violation of the Fair

    Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.  Plaintiff is a citizen of the State of New York who resides in Kings County, New

    York.

3.  Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the

    FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a

    consumer debt, purportedly owed to Alldata.

4.  Upon information and belief, defendant is anOhio corporation with a principal

    place of business located in Cleveland, Ohio.

1

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

7.    This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the defendant transacts business in this district and the collection letter was sent into this district.

### Allegations Particular to Rhonda Williams

9.    On information and belief, on a date better known by defendant, defendant began attempting to collect an alleged consumer debt from the plaintiff.

10.    Upon information and belief, defendant sent the plaintiff an initial collection letter seeking to collect a balance allegedly owed to the defendant for personal purposes dated November 30, 2009.

11.    Said letter states in pertinent part as follows:  Be advised that Alldata has requested our offices initiate collection action regarding the above captioned claim. . .  This letter is being sent to allow you an opportunity to resolve this issue on a voluntary level."

12.    Said language threatens legal action.

13.   Upon information and belief, the creditor had not requested that the defendant bring a lawsuit against the plaintiff.

14.   Upon information and belief, the defendant did not have the authority to commence legal action against the plaintiff.

15.   Upon information and belief, at the time of the sending of the within collection letter, the defendant did not intend to commence a lawsuit against the plaintiff for the underlying debt.

16.   The letter also contains the company name which is set forth to suggest that the defendant may be a law firm.

17.   Said letter also includes the words "Nomina exigere" which can imply some type of legal appellation.

18.   Said inclusion is a conscious effort on the part of the defendant to attempt to imply to the least sophisticated consumer designed to give the consumer the impression that there will be a lawsuit filed.

19.   The defendant has included language which contradicts the plaintiff's right to dispute the debt.

20.   The said collection letter states in pertinent part as follows:

At this point it is essential you keep the following in mind when considering how you respond.

1.   You voluntarily contracted with Alldata resulting in the balance outstanding.

2.   You were aware of billing terms at the time you contracted for said good and/or services.

3.   To date you have refused to resolve this issue.

21.     Said language imposes conditions and presumptions of validity when the least

        sophisticated consumer reads and considers her validation rights set forth at the

        bottom of the letter.

22.     The defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g

        and 1692e(10) for contradicting the plaintiff's right to dispute the debt and for

        engaging in deceptive representations and in violation of 1692e(5) for engaging in

        false threats.

### AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.*

23.     Plaintiff restates, realleges, and incorporates herein by reference, paragraphs

        1-22 as if set forth fully in this cause of action.

24.     This cause of action is brought on behalf of plaintiff and a class.

25.     The Class consists of consumers who received the same form letter dated

November 30, 2009 as did the plaintiff.

26.     The Class consists of all persons whom Defendant's records reflect resided in

the State of New York and who were sent a collection letter (a) bearing the defendant's

letterhead in substantially the same form as the letter sent to the plaintiff on or about

November 30, 2009 (b) the collection letter was sent to a consumer seeking payment of

an alleged debt with Alldata; and (c) the collection letter was not returned by the postal

service as undelivered, (d) and that the letter contained violations of 15 U.S.C. §§ 1692g,

1692e(10) and 1692e(5).

4

27.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

28.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members

5

of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

29.     If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

30.     Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

31.     The defendant's failure to use certain language in the collection letter violates the Fair Debt Collection Practices Act.

32.     Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a)     Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
November 29, 2010

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile   (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein

7

McCARTHY, BURGESS & WOLFF

*Nomina Ruigere*

*A Company Devoted to Collections*

THE MB&W BUILDING
26000 Cannon Road
Cleveland, Ohio 44146
Phone 440.735.5100
Fax 440.735.5110



November 30, 2009

**RHONDA WILLIAMS**
**RHONDA WILLIAMS**
**80 E 93RD ST**
**APT E605**
**BROOKLYN, NY 11212-8715**

00084

Re: Alldata and Rhonda Williams
Account #: NA00ND
Balance Due: $1496.82
MBW #: 21105198
AI-052809

Rhonda Williams:

Be advised that Alldata has requested our offices initiate collection action regarding the above captioned claim. They indicate that they have made repeated efforts to resolve this issue, all of which have proven unsuccessful.

At this point it is essential you keep the following in mind when considering how you respond:

1. You voluntarily contracted with Alldata resulting in the balance outstanding.
2. You were aware of billing terms at the time you contracted for said goods and/or services.
3. To date you have refused to resolve this issue.

This letter is being sent to allow you an opportunity to resolve this issue on a voluntary level. In the event you choose to do so, make check payable to Alldata in the amount of $1496.82 and mail to this office at 26000 Cannon Rd., Cleveland, OH 44146. If you feel the need to discuss this matter, contact me directly.

Thank you in advance for your anticipated cooperation.

Kristen Stefanik
4407355100 Ext 2320
www.mbandw.com

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

New York City Department of Consumer Affairs license number 1162615.